# IMPROVED PROPERTY COMMERCIAL CONTRACT

1. **PARTIES:** Bruce McGlothlin (Seller), agrees to sell and convey to Carachi Property, LLC, a Texas limited liability company (Buyer), and Buyer agrees to buy from Seller the Property described below.

2. **PROPERTY:**

    A. The property sold by this contract is called the "Property." The Property is that certain real property situated in Nolan County, Texas, which is more particularly described on <u>Exhibit A</u> attached hereto and incorporated herein by reference.

    B. The Property is sold together with:
    (1) all buildings, improvements, and fixtures;
    (2) all rights, privileges, and appurtenances pertaining to the Property, including Seller's right, title, and interest (if any) in any minerals, utilities, adjacent streets, alleys, strips, gores, and rights-of-way;
    (3) Seller's interest in all leases, rents, and security deposits for all or part of the Property;
    (4) Seller's interest in all licenses and permits related to the Property; and
    (5) Seller's interest in all third party warranties or guaranties, if transferable, relating to the Property or any fixtures.

3. **SALES PRICE:** At or before closing, Buyer will pay the following sales price for the Property:

    A. Cash portion payable by Buyer at closing ............................... $ 30,000.00

    B. Sum of all financing described in Paragraph 4 ........................... N/A

    C. Sales price (sum of A and B) ................................................ $ 30,000.00

4. **FINANCING:** Not Applicable.

5. **EARNEST MONEY:** Not later than 3 days after the effective date, Buyer must deposit $1,000.00 as earnest money in trust with Beall Abstract & Title Company ("Escrow Agent") 219 Oak Street, Sweetwater, Texas 79556 (Escrow Agent's address). If Buyer fails to timely deposit the earnest money, Seller may terminate this contract by providing written notice to Buyer before Buyer deposits the earnest money.

6. **TITLE POLICY, SURVEY, AND UCC SEARCH:**

    A. <u>Title Policy</u>:

    (1) Seller, at the expense of Seller, will furnish Buyer an Owner's Policy of Title Insurance (the "Title Policy") issued by a reputable title insurance company represented by Security Title Co., Abilene, Texas (the "Title Company") in the amount of the sales price, dated at or after closing, insuring Buyer against loss under the Title Policy, subject only to:

    (a) those title exceptions permitted by this contract or as may be approved by Buyer in writing; and
    (b) the standard printed exceptions contained in the promulgated form of Title Policy unless this contract provides otherwise.

    (2) The standard printed exception as to area boundaries: *(Check (a) or (b) only.)*

    [ x ] (a) will not be deleted from the Title Policy.

    [ ] (b) will be deleted from the Title Policy at the expense of [ ] Buyer [ ] Seller.

    (3) Buyer may object to any restrictive covenants on the Property within the time required under Paragraph 6D.

    (4) Within 20 days after the effective date, Seller will furnish Buyer and Buyer's attorney a commitment for title insurance (the commitment) including legible copies of recorded documents evidencing title exceptions. Seller authorizes the Title

Seller: _____
Buyer: _____

1

Company to deliver the commitment and related documents to Buyer's attorney at McMahon Surovik Suttle, P.C., Attn: Paul Cannon at P.O. Box 3679 Abilene, Texas 79601.

B. Survey:

(1) Within 10 days after the effective date: *(Check all that apply.)*

[ ] (a) Buyer will obtain a survey of the Property at Buyers expense.

[ ] (b) Seller, at Seller's expense, will furnish Buyer a survey of the Property dated after the effective date.

[x] (c) Seller will deliver a true and correct copy of Seller's existing survey of the Property (if any).
Seller, at Seller's expense:

[ ] (i) will have the existing survey recertified on a date not earlier than

[x] (ii) will not have the existing survey recertified.

[x] (d) If Seller's survey in Paragraph 6(B)(1)(c) is not acceptable to the Title Company or if Seller does not have a current survey, the Seller, at its sole expense shall obtain a new survey of the Property.

(2) The survey required under Paragraph 6B(1) must be made by a Registered Professional Land Surveyor acceptable to the Title Company. The survey must:
(a) identify the Property by metes and bounds or platted lot description;
(b) show that the survey was made and staked on the ground with corners permanently marked;
(c) set forth the dimensions and total area of the Property;
(d) show the location of all improvements, highways, streets, roads, railroads, rivers, creeks or other waterways, fences, easements, and rights-of-way on the Property with all easements and rights-of-way referenced to their recording information;
(e) show any discrepancies or conflicts in boundaries, any visible encroachments, and any portion of the Property lying within the 100-year flood plain as shown on the current Federal Emergency Management Agency map; and
(f) contain the surveyor's certificate that the survey is true and correct.

C. UCC Search:

[x] (1) Within 10 days after the effective date, Seller, at Seller's expense, will furnish Buyer a Uniform Commercial Code (UCC) search prepared by a reporting service and dated after the effective date. The search must identify documents that are on file with the Texas Secretary of State and the county where the Property is located that relate to all personal property on the Property and show, as debtor, Seller and all other owners of the personal property in the last 5 years.

[ ] (2) Buyer does not require Seller to furnish a UCC search.

D. Buyer's Objections to the Commitment, Survey, and UCC Search:

(1) Within 10 days after Buyer receives all of the items required in Paragraphs 6A, 6B, and 6C (the commitment, copies of the documents evidencing title exceptions, survey, and UCC search), Buyer may object to matters disclosed in the items if the matters disclosed constitute a defect or encumbrance to title to the real or personal property described in Paragraph 2 other than those permitted by this contract or liens that Seller will satisfy at closing or Buyer will assume at closing.

(2) Seller may, but is not obligated to, cure Buyers timely objections within 5 days after Seller receives the objections. The Closing Date will be extended as necessary to cure the objections. If Seller fails to cure the objections by the time required, Buyer may terminate this contract by providing written notice to Seller within 5 days after the time by which Seller must cure the objections. If Buyer terminates, the earnest money, less the independent consideration paid for Buyer's right to terminate under Paragraph 7B(3), will be refunded to Buyer.

(3) Buyer's failure to timely object or terminate under this Paragraph 6D is a waiver of Buyer's right to object except that Buyer will not waive the requirements in Schedule C of the commitment.

Seller: _____
Buyer: _____

2

7. **PROPERTY CONDITION:**

[x] A. Present Condition: *(Check (1) or (2) only.)*

    [x] (1) Subject to Paragraph 7(B), Buyer accepts the Property in its present "as-is" condition.

    [ ] (2) Buyer accepts the Property in its present condition except _____.

[x] B. Feasibility Period and Right to Terminate:

    (1) Delivery of Property Information: Within 10 days after the effective date, Seller will deliver to Buyer the following items to the extent that the items are in Seller's possession or are readily available to Seller. Any item not delivered is deemed not to be in Seller's possession or readily available to Seller. The items Seller will deliver are:
      (a) copies of all current service, maintenance, and management agreements relating to the ownership and operation of the Property;
      (b) copies of all current warranties and guaranties relating to all or part of the Property;
      (c) a copy of the "as-built" plans and specifications of the Property;
      (d) copies of all surveys of the Property;
      (e) copies of all previous environmental assessments, studies, reports, or analyses made on or relating to the Property; and
      (f) a new environmental assessment of the Property.

    (2) Inspections, Studies, or Assessments:

      (a) Within 30 days after the effective date, Buyer, at Buyer's expense, may complete or cause to be completed inspections, studies, or assessments of the Property and the Property site, including all improvements and fixtures. Inspections, studies, or assessments may include, but are not limited to:

        (i) physical property inspections (for example, structural pest control, mechanical, structural, electrical, and plumbing inspections);
        (ii) economic feasibility studies;
        (iii) environmental assessments (for example, soil tests, air sampling, and paint sampling);
        (iv) engineering studies;
        (v) compliance inspections (for example, compliance determination with zoning ordinances, restrictions, building codes, and statutes); and
        (vi) appraisals of the Property value.

      (b) Seller, at Seller's expense, will turn on all utilities necessary for Buyer to make inspections, studies, or assessments.

      (c) In connection with Buyer's inspections, studies, and assessments, Buyer must:

        (i) employ only trained and qualified inspectors and assessors;
        (ii) notify Seller, in advance, of when the inspectors or assessors will be on the Property site;
        (iii) abide by any reasonable entry rules or requirements that Seller may require;
        (iv) not interfere with existing operations or occupants of the Property; and
        (v) restore the Property to its original condition if altered due to inspections, studies, or assessments that Buyer completes or causes to be completed.

      (d) Except for those matters that arise from the negligence of Seller or Seller's agents, Buyer is responsible for any claim, liability, encumbrance, cause of action, and expense resulting from Buyer's inspections, studies, or assessments, including any property damage or personal injury. Buyer will indemnify, hold harmless, and defend Seller and Seller's agents against any claim involving a matter for which Buyer is responsible under this paragraph.

    (3) Right to Terminate: Buyer may terminate this contract within 30 days after the effective date by providing Seller with written notice of termination in the event Buyer is not satisfied, in Buyer's sole discretion, with any of the inspection(s), studies or assessment(s) delivered or performed under the provisions of Paragraph 7B(1) or (2). The right to terminate

Seller: _____
Buyer: _____

3

shall automatically be extended to be 10 days after delivery of the survey requested herein if the survey is not completed during the inspection period provided in Paragraph 7.B(2). Buyer shall be obligated as part of the required notice of termination to identify and document Buyer's objection accruing out of the inspection(s), studies or assessment(s) performed. If Buyer terminates, the earnest money will be refunded to Buyer less $100.00 that Seller will retain as independent consideration for Buyer's right to terminate under this paragraph. The independent consideration is to be credited to the sales price only upon closing of the sale. Buyer has tendered the independent consideration to Seller upon payment of the full amount specified in Paragraph 5 to the Escrow Agent. If Buyer does not terminate within the time required, Buyer accepts the Property in its present condition.

(4) Return of Property Information: If this contract terminates for any reason, Buyer will, not later than 10 days after the termination date: (a) return to Seller all those items described in Paragraph 7B(1) that Seller delivered to Buyer and all copies that Buyer made of those items; and (b) deliver copies of all inspection and assessment reports (excluding economic feasibility studies) related to the Property that Buyer completed or caused to be completed. This Paragraph 7B(4) survives termination.

(5) Contracts Affecting Operations: After Buyer's right to terminate under Paragraph 7B(3) expires, Seller may not enter into, amend, or terminate any other contract that affects the operations of the Property without Buyer's prior written approval.

8. **BROKERS:** No brokers are involved. Buyer and Seller each (as to any claim through such Buyer or Seller, as the case may be) agree to indemnify the other against such claim and the payment of any brokerage fee.

9. **CLOSING:**

   A. The closing of the sale will be on or before the expiration of 30 days of the end of the feasibility period provided in Paragraph 7.B(2) and Paragraph 7.B(3) (the "Closing Date"). The closing shall occur in the offices of Escrow Agent, at 10:00 a.m. on the Closing Date. If either party fails to close by the Closing Date, the non-defaulting party may exercise the remedies in Paragraph 15.

   B. At closing, Seller will deliver, at Seller's expense, a general warranty deed. The deed must convey good and indefeasible title to the Property and show no exceptions other than those permitted under Paragraph 6 or other provisions of this contract. Seller must convey the Property at closing:
   (1) with no liens, assessments, or Uniform Commercial Code or other security interests against the Property which will not be satisfied out of the sales price unless securing loans Buyer assumes; and
   (2) with no persons in possession of any part of the Property as lessees, tenants at sufferance, or trespassers, except as approved by Buyer prior to closing.

   C. At closing, Seller, at Seller's expense, will also deliver:
   (1) tax statements showing no delinquent taxes on the Property;
   (2) to the extent that the following items are assignable, an assignment to Buyer of the following items as they relate to the Property or its operations:
      (a) licenses and permits;
      (b) maintenance, management, and other contracts; and
      (c) warranties and guaranties;
   (3) evidence that the person executing this contract is legally capable and authorized to bind Seller; and
   (4) any notices, statements, certificates, consents or other documents required by this contract or law necessary to convey the Property, all of which must be completed and executed by Seller as necessary.

   D. At closing, Buyer will:
   (1) pay the sales price in good funds acceptable to the Escrow Agent;
   (2) deliver evidence that the person executing this contract is legally capable and authorized to bind Buyer; and
   (3) execute and deliver any notices, statements, certificates, or other documents required by this contract or law necessary to close the sale.

10. **POSSESSION:** Upon payment of the Sales Price, Seller shall deliver possession of the Property on the Closing Date in its present condition. Until the Closing Date, Seller shall operate the Property in same manner as on the Effective Date.

Seller: _____
Buyer: _____

4

**11. SPECIAL PROVISIONS:**

A. Buyer and Seller shall not (either during the term of this contract, or following termination of this contract or following closing, as the case may be) publicly or privately disclose the contents of this contract to third parties, except for the purpose of effecting a closing hereunder or for acquisition or development lending as regards the Property or Buyer's intended use.

B. For the convenience of the parties hereto, this contract may be executed in multiple counterparts, each of which will be deemed an original, and all counterparts hereof so executed by the parties hereto will be deemed to be and construed as one and the same.

C. No personal property or inventory shall be conveyed to Buyer. Prior to the Closing Date; Seller shall remove all personal property and/or inventory from the Property.

D. Buyer shall pay up to $400.00 toward the cost of having this Contract confirmed and approved by the bankruptcy court in connection with the sale contemplated hereby. Buyer shall obtain approval of the contract by the bankruptcy court sufficient to convey the Property free of all liens and obligations of the Seller.

**12. SALES EXPENSES:**

A. <u>Seller's Expenses:</u> Seller will pay for the following in cash at or before closing:
   (1) releases of existing liens, other than those liens assumed by Buyer, including prepayment penalties and recording fees;
   (2) release of Seller's loan liability, if applicable;
   (3) tax statements or certificates;
   (4) preparation of the deed;
   (5) one-half of any escrow fee;
   (6) costs to record any documents to cure title objections that Seller must cure; and
   (7) other expenses that Seller will pay under other provisions of this contract.

B. <u>Buyer's Expenses:</u> Buyer will pay for the following in cash at or before closing:
   (1) all loan fees or expenses (for example, application fees, origination fees, discount fees, appraisal fees, assumption fees, recording fees, tax service fees, mortgagee Title Policy expenses, credit report fees, document preparation fees, interest expense that Buyer's lender requires Buyer to pay at closing, and other fees required by Buyer's lender);
   (2) preparation fees of any deed of trust, any security agreement and any financing statement;
   (3) recording fees for the deed and any deed of trust and any financing statement;
   (4) premiums for flood and hazard insurance as may be required by Buyer's lender;
   (5) one-half of any escrow fee;
   (6) copy and delivery fees for delivery of the title commitment and related documents; and
   (7) other expenses that Buyer will pay under other provisions of this contract.

**13. PRORATIONS AND ROLLBACK TAXES:**

A. <u>Prorations:</u>
   (1) Interest on any assumed loan, taxes, rents, and any expense reimbursements from tenants will be prorated to the Closing Date.
   (2) If the amount of ad valorem taxes for the year in which the sale closes is not available on the Closing Date, taxes will be prorated on the basis of taxes assessed in the previous year. If the taxes for the year in which the sale closes vary from the amount prorated at closing, the parties will adjust the prorations when the tax statements for the year in which the sale closes become available. This Paragraph 13A(2) survives closing.

B. <u>Rollback Taxes:</u> If Seller changes the use of the Property before closing or if a denial of a special valuation on the Property claimed by Seller results in the assessment of additional taxes, penalties, or interest (assessments) for periods before closing, the assessments will be the obligation of Seller. If this sale or Buyer's use of the Property after closing results in additional assessments for periods before closing, the assessments will be the obligation of Buyer. This Paragraph 13B survives closing.

Seller: _____
Buyer: _____

5

## 14. CASUALTY LOSS AND CONDEMNATION:

A. If any part of the Property is damaged or destroyed by fire or other casualty after the effective date, Seller must restore the Property to its previous condition as soon as reasonably possible and not later than the Closing Date. If, without fault, Seller is unable to do so, Buyer may:
  (1) terminate this contract and the earnest money, less the independent consideration paid for Buyer's right to terminate under Paragraph 7B(3), will be refunded to Buyer;
  (2) extend the time for performance up to 15 days and the Closing Date will be extended as necessary; or
  (3) accept the Property in its damaged condition and accept an assignment of any insurance proceeds Seller is entitled to receive.

B. If before closing, condemnation proceedings are commenced against any part of the Property, Buyer may:
  (1) terminate this contract by providing written notice to Seller within 15 days after Buyer is advised of the condemnation proceedings and the earnest money, less the independent consideration paid for Buyer's right to terminate under Paragraph 7B(3), will be refunded to Buyer; or
  (2) appear and defend the condemnation proceedings and any award will, at Buyer's election, belong to:
    (a) Seller and the sales price will be reduced by the same amount; or
    (b) Buyer and the sales price will not be reduced.

## 15. DEFAULT:

A. If Buyer fails to comply with this contract, Buyer is in default and Seller may as its exclusive remedy, terminate this contract and receive the earnest money as liquidated damages, thereby releasing the parties from this contract.

B. If, without fault, Seller is unable within the time allowed to deliver the commitment, Buyer may:
  (1) terminate this contract and receive the earnest money, less the independent consideration paid for Buyer's right to terminate under Paragraph 7B(3), as the sole remedy; or
  (2) extend the time for performance up to 15 days and the closing will be extended as necessary.

C. Except as provided in Paragraph 15B, if Seller fails to comply with this contract, Seller is in default and Buyer may:
  (1) enforce specific performance, or seek such other relief as may be provided by law, or both; or
  (2) terminate this contract and receive the earnest money, less the independent consideration paid for Buyer's right to terminate under Paragraph 7B(3), as liquidated damages, thereby releasing the parties from this contract.

## 16. ATTORNEY'S FEES:
If Buyer, Seller, any broker, or any Escrow Agent is a prevailing party in any legal proceeding brought under or with relation to this contract or this transaction, such party is entitled to recover from the non-prevailing parties all costs of such proceeding and reasonable attorney's fees. This Paragraph 16 survives closing.

## 17. ESCROW:

A. At closing, the earnest money must be applied first to any cash down payment, then to Buyer's closing costs, and any excess will be refunded to Buyer.

B. If both parties make written demand for the earnest money, Escrow Agent may require payment of unpaid expenses incurred on behalf of the parties and a written release of liability of Escrow Agent from all parties.

C. If one party makes written demand for the earnest money, Escrow Agent will give notice of the demand by providing to the other party a copy of the demand. If Escrow Agent does not receive written objection to the demand from the other party within 30 days after the date Escrow Agent sent the demand to the other party, Escrow Agent may disburse the earnest money to the party making demand, reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and Escrow Agent may pay the same to the creditors.

D. Escrow Agent will deduct the independent consideration paid for Buyer's right to terminate under Paragraph 7B(3) before disbursing any earnest money to Buyer and will pay the independent consideration to Seller.

E. If Escrow Agent complies with this Paragraph 17, each party hereby releases Escrow Agent from all claims related to the disbursal of the earnest money.

Seller: _____
Buyer: _____

6

F. Notices under this Paragraph 17 must be sent by certified mail, return receipt requested. Notices to Escrow Agent are effective upon receipt by Escrow Agent.

18. **MATERIAL FACTS:** To the best of Seller's knowledge and belief: *(Check (1) or (2) only.)*

   [x] (1) Seller is not aware of any material defects to the Property except as stated in the attached Property Condition Statement.

   [ ] (2) Seller is not aware of any of the following, except as described otherwise in this contract:
   (a) any material physical defects to the Property;
   (b) any pending or threatened litigation, condemnation, or assessment affecting the Property;
   (c) any environmental hazards or conditions that affect the Property;
   (d) whether the Property is or has been used for the storage or disposal of hazardous materials or toxic waste, a dumpsite or landfill, or any underground tanks or containers;
   (e) whether radon, asbestos insulation or fireproofing, urea-formaldehyde foam insulation, lead-based paint or other pollutants or contaminants of any nature now exist or have ever existed on the Property;
   (f) whether wetlands, as defined by federal or state law or regulation, are on the Property; and
   (g) whether threatened or endangered species or their habitat are on the Property.

   (Describe any exceptions to (a)-(g) in an addendum.)

19. **NOTICES:** All notices between the parties under this contract must be in writing and are effective when hand-delivered, mailed by certified mail return receipt requested to:

| Seller | Bruce McGlothlin<br>P.O. Box 217<br>Roscoe, Texas 79545 | Buyer | Carachi Property, LLC<br>P.O. Box 121523<br>Arlington, Texas 76012<br>Attn: Carl Childers |
|---|---|---|---|
| Phone: | (325) 721-7673 | Phone:<br>Email: | (817) 874-5113<br>carlchili@aim.com |
| | | With Copy to: | McMahon Surovik Suttle, P.C.<br>P.O. Box 3679<br>Abilene, Texas 79604<br>Attn: Thomas M. "Mike" Murray |

20. **FEDERAL TAX REQUIREMENT:** If Seller is a "foreign person" as defined by applicable law, or if Seller fails to deliver at closing an affidavit that Seller is not a foreign person, then Buyer will withhold from the sales proceeds at closing an amount sufficient to comply with applicable tax law and deliver the amount withheld to the Internal Revenue Service (IRS), together with appropriate tax forms. IRS regulations require filing written reports if cash in excess of specified amounts is received in the transaction.

21. **DISPUTE RESOLUTION:** Seller and Buyer agree to negotiate in good faith in an effort to resolve any disputed related to this contract that may arise. If the dispute cannot be resolved with negotiation, Seller and Buyer shall submit the dispute to mediation before resorting to litigation and shall equally share the costs of a mutually acceptable mediator.

22. **AGREEMENT OF THE PARTIES:**

   A. This contract is binding on the parties, their heirs, executors, representatives, successors, and permitted assigns.

   B. This contract is to be construed in accordance with the laws of the State of Texas.

   C. This contract contains the entire agreement of the parties and may not be changed except by written agreement.

   D. If this contract is executed in a number of identical counterparts, each counterpart is an original and all counterparts, collectively, constitute one agreement.

Seller: _____
Buyer: _____

E. Buyer [x] may [ ] may not assign this contract. If Buyer assigns this contract, Buyer will be relieved of any future liability under this contract only if Seller consents to such assignment in writing and the assignee assumes, in writing, all of Buyer's obligations under this contract.

F. Addenda which are part of this contract are: *(Check all that apply.)*

   [ ] (1) Property Description Exhibit identified in Paragraph 2;
   [ ] (2) Condominium Addendum;
   [ ] (3) Financing Addendum;
   [x] (4) Commercial Property Condition Statement;
   [ ] (5) Addendum for Seller's Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards;
   [ ] (6) Notice to Purchaser of Real Property in a Water District;
   [ ] (7) Addendum for Coastal Area Property;
   [ ] (8) Addendum for Property Located Seaward of the Gulf Intracoastal Waterway; and
   [x] (9) Exhibit A.

23. **TIME:** Time is of the essence in this contract. The parties require strict compliance with the times for performance. If the last day to perform under a provision of this contract falls on a Saturday, Sunday, or legal holiday, the time for performance is extended until the end of the next day which is not a Saturday, Sunday, or legal holiday.

24. **EFFECTIVE DATE:** The "Effective Date" of this contract for the purpose of performance of all obligations is the date the Escrow Agent receipts this contract after all parties execute this contract.

25. **ADDITIONAL NOTICES:**

    A. Buyer should have an abstract covering the Property examined by an attorney of Buyers selection, or Buyer should be furnished with or obtain a Title Policy.

    B. If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fees of the district before final execution of this contract.

    C. Notice Required by §13.257, Water Code: "The real property, described below, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned purchaser hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in the notice or at closing of purchase of the real property." The real property is described in Paragraph 2 of this Contract.

    D. If the Property adjoins or shares a common boundary with the tidally influenced submerged lands of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included as part of this contract.

    E. If the Property is located seaward of the Gulf Intracoastal Waterway, §61.025, Texas Natural Resources Code, requires a notice regarding the seaward location of the Property to be included as part of this contract.

    F. If the Property is located outside the limits of a municipality, the Property may now or later be included in the extra-territorial jurisdiction (ETJ) of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and ETJ. To determine if the Property is located within a municipality's ETJ, Buyer should contact all municipalities located in the general proximity of the Property for further information.

    G. If any apartments or other residential units are part of the Property and those units were built before 1978, federal law requires a lead-based paint and hazard disclosure statement to be made part of this contract.

Seller: _____
Buyer: _____

8

H. Section 1958.154, Occupations Code requires Seller to provide Buyer a copy of any mold remediation certificate issued for the property during the 5 years preceding the date the Seller sells the property.

I. Brokers are not qualified to perform property inspections, surveys, engineering studies, environmental assessments, or inspections to determine compliance with zoning, governmental regulations, or laws. Buyer should seek experts to perform such services. Selection of experts, inspectors, and repairmen is the responsibility of Buyer and not the brokers.

This is a legally binding contract. **READ IT CAREFULLY.** The brokers and agents make no representation or recommendation as to the legal sufficiency, legal effect, or tax consequences of this document or transaction. CONSULT your attorney BEFORE signing.

Buyer: Carachi Property, a Texas limited liability company

Seller:

By: _____

Name: _____

Title: _____

Bruce McGlothlin

## ESCROW RECEIPT

Escrow Agent acknowledges receipt of:
[ ] A. the contract on this day _____ ("Effective Date");
[ ] B. earnest money in the amount of $1,000.00 in the form of a check on this day _____.

Beall Abstract & Title Company
Escrow Agent

Address: 219 Oak Street
Sweetwater, Texas 79556

By: _____

Name: _____

Title: _____

Seller: _____
Buyer: _____

9

## EXHIBIT A

All of Lots One through Six (1-6) and all of Lot Eighteen (18), Block Two (2), Original Town of Roscoe, Nolan County, Texas, including all appurtenances and improvements and fixtures therein.

Seller: _____
Buyer: _____

# COMMERCIAL PROPERTY CONDITION STATEMENT

CONCERNING THE PROPERTY AT: All of Lots One through Six (1-6) and all of Lot Eighteen (18), Block Two (2), Original Town of Roscoe, Nolan County, Texas.

THIS IS A DISCLOSURE OF THE UNDERSIGNED'S KNOWLEDGE OF THE CONDITION OF THE PROPERTY AS OF THE DATE SIGNED. IT IS NOT A SUBSTITUTE FOR ANY INSPECTIONS OR WARRANTIES A BUYER OR TENANT MAY WISH TO OBTAIN. IT IS NOT A WARRANTY OF ANY KIND BY SELLER, SELLER'S AGENTS, LANDLORD, LANDLORD'S AGENTS OR ANY OTHER AGENT.

**PART I - Complete if Property is Improved or Unimproved**

Are you (Seller or Landlord) aware of:  Aware / Not Aware

(1) any of the following environmental conditions on or affecting the Property:
   (a) radon gas? ☐ ☐
   (b) asbestos components:
      (i) friable components? ☐ ☐
      (ii) non-friable components? ☐ ☐
   (c) urea-formaldehyde insulation? ☐ ☐
   (d) endangered species of their habitat? ☐ ☐
   (e) wetlands? ☐ ☐
   (f) underground storage tanks? ☐ ☐
   (g) leaks in any storage tanks (underground or above-ground)? ☐ ☐
   (h) lead-based paint? ☐ ☐
   (i) hazardous materials or toxic waste? ☐ ☐
   (j) open or closed landfills on or under the surface of the Property? ☐ ☐
   (k) external conditions materially and adversely affecting the Property such as nearby landfills, smelting plants, burners, storage facilities of toxic or hazardous materials, refiners, utility transmission lines, mills, feed lots, and the like? ☐ ☐
   (l) any activity relating to drilling or excavation sites for oil, gas, or other minerals? ☐ ☐

(2) previous environmental contamination that was on or that materially and adversely affected the Property, including but not limited to previous environmental conditions listed in Paragraph 1(a)-(l)? ☐ ☐

(3) any part of the Property lying in a special flood hazard area (A or V Zone)? ☐ ☐

(4) any improper drainage onto or away from the Property? ☐ ☐

(5) any fault line or near the Property that materially and adversely affects the Property? ☐ ☐

(6) outstanding mineral rights, exceptions, or reservations of the Property held by others? ☐ ☐

(7) air space restrictions or easements on or affecting the Property? ☐ ☐

(8) unrecorded or unplatted agreements for easements, utilities, or access on or to the Property? ☐ ☐

Initialed by Seller or Landlord: _____, _____ and Buyer or Tenant: _____, _____ Page 1 of 4

Commercial Property Condition Statement concerning All of Lots One through Six (1-6) and all of Lot Eighteen (18), Block Two(2), Original Town of Roscoe, Nolan County, Texas

|  | Aware | Not Aware |
|---|---|---|
| (9) special districts in which the Property lies (for example, historical districts, development districts, extraterritorial jurisdictions, or others)? | ☐ | ☐ |
| (10) pending changes in zoning, restrictions, or in physical use of the Property? | ☐ | ☐ |
| (11) your receipt of any notice concerning any likely condemnation, planned streets, highways, railroads, or developments that would materially and adversely affect the Property (including access or visibility)? | ☐ | ☐ |
| (12) lawsuits affecting title to or use or enjoyment of the Property? | ☐ | ☐ |
| (13) your receipt of any written notices of violations of zoning, deed restrictions, or government regulations from EPA, OSHA, TCEQ, or other government agencies? | ☐ | ☐ |
| (14) common areas or facilities affiliated with the Property co-owned with others? | ☐ | ☐ |
| (15) an owners' or tenants' association or maintenance fee or assessment affecting the Property? | ☐ | ☐ |

If aware, name of association: _____
Name of manager: _____
Amount of fee or assessment: $ _____ per _____
Are fees current through the date of this notice? ☐ yes ☐ no ☐ unknown

| | Aware | Not Aware |
|---|---|---|
| (16) subsurface structures, hydraulic lifts, or pits on the Property? | ☐ | ☐ |
| (17) intermittent or weather springs that affect the Property? | ☐ | ☐ |
| (18) any material defect in any irrigation system, fences, or signs on the Property? | ☐ | ☐ |
| (19) conditions on or affecting the Property that materially affect the health or safety of an ordinary individual? | ☐ | ☐ |

If you are aware of any of the conditions listed above, explain. *(Attach additional information if needed.)* _____

_____
_____
_____
_____
_____
_____
_____

### PART 2 – Complete only if Property is Improved

A. Are you (Seller or Landlord) aware of any material defects in any of the following on the Property?

| (1) **Structural Items:** | Aware | Not Aware | Not Appl. |
|---|---|---|---|
| (a) foundation systems (slabs, columns, trusses, bracing, crawl spaces, piers, beams, footings, retaining walls, basement, grading)? | ☐ | ☐ | ☐ |
| (b) exterior walls? | ☐ | ☐ | ☐ |
| (c) fireplaces and chimneys? | ☐ | ☐ | ☐ |
| (d) roof, roof structure, or attic (covering, flashing, skylights, insulation, roof penetrations, ventilation, gutters and downspouts, decking)? | ☐ | ☐ | ☐ |
| (e) windows, doors, plate glass, or canopies | ☐ | ☐ | ☐ |

Initialed by Seller or Landlord: _____, _____ and Buyer or Tenant: _____, _____   Page 2 of 4

Commercial Property Condition Statement concerning All of Lots One through Six (1-6) and all of Lot Eighteen (18), Block Two (2), Original Town of Roscoe, Nolan County, Texas

|  | Aware | Not Aware | Not Appl. |
|---|---|---|---|
| (2) **Plumbing Systems:** | | | |
| (a) water heaters or water softeners? | ☐ | ☐ | ☐ |
| (b) supply or drain lines? | ☐ | ☐ | ☐ |
| (c) faucets, fixtures, or commodes? | ☐ | ☐ | ☐ |
| (d) private sewage systems? | ☐ | ☐ | ☐ |
| (e) pools or spas and equipments? | ☐ | ☐ | ☐ |
| (f) sprinkler systems? | ☐ | ☐ | ☐ |
| (g) water coolers? | ☐ | ☐ | ☐ |
| (h) private water wells? | ☐ | ☐ | ☐ |
| (i) pumps or sump pumps? | ☐ | ☐ | ☐ |
| (3) **HVAC Systems:** any cooling, heating, or ventilation systems? | ☐ | ☐ | ☐ |
| (4) **Electrical Systems:** service drops, wiring, connections, conductors, plugs, grounds, power, polarity, switches, light fixtures, or junction boxes? | ☐ | ☐ | ☐ |
| (5) **Other Systems or Items:** | | | |
| (a) security or fire detection systems? | ☐ | ☐ | ☐ |
| (b) porches or decks? | ☐ | ☐ | ☐ |
| (c) gas lines? | ☐ | ☐ | ☐ |
| (d) garage doors and door operators? | ☐ | ☐ | ☐ |
| (e) loading doors or docks? | ☐ | ☐ | ☐ |
| (f) rails or overhead cranes? | ☐ | ☐ | ☐ |
| (g) elevators or escalators? | ☐ | ☐ | ☐ |
| (h) parking areas, drives, steps, walkways? | ☐ | ☐ | ☐ |
| (i) appliances or built-in kitchen equipment? | ☐ | ☐ | ☐ |

If you are aware of material defects in any of the items listed under Paragraph A, explain. *(Attach additional information if needed.)* _____

_____

_____

_____

|  | Aware | Not Aware |
|---|---|---|
| B. Are you (Seller or Landlord) aware of: | | |
| (1) any of the following water or drainage conditions materially and adversely affecting the Property: | | |
| (a) ground water? | ☐ | ☐ |
| (b) water penetration? | ☐ | ☐ |
| (c) previous flooding or water drainage? | ☐ | ☐ |
| (d) soil erosion or water ponding? | ☐ | ☐ |

Initialed by Seller or Landlord: _____, _____ and Buyer or Tenant: _____, _____ Page 3 of 4

Commercial Property Condition Statement concerning  All of Lots One through Six (1-6) and all of Lot Eighteen (18), Block Two(2), Original Town of Roscoe, Nolan County, Texas

| | Aware | Not Aware | Not Appl. |
|---|---|---|---|
| (2) **Plumbing Systems:** | | | |
| (a) water heaters or water softeners? | ☐ | ☐ | ☐ |
| (b) supply or drain lines? | ☐ | ☐ | ☐ |
| (c) faucets, fixtures, or commodes? | ☐ | ☐ | ☐ |
| (d) private sewage systems? | ☐ | ☐ | ☐ |
| (e) pools or spas and equipments? | ☐ | ☐ | ☐ |
| (f) sprinkler systems? | ☐ | ☐ | ☐ |
| (g) water coolers? | ☐ | ☐ | ☐ |
| (h) private water wells? | ☐ | ☐ | ☐ |
| (i) pumps or sump pumps? | ☐ | ☐ | ☐ |
| (3) **HVAC Systems:** any cooling, heating, or ventilation systems? | ☐ | ☐ | ☐ |
| (4) **Electrical Systems:** service drops, wiring, connections, conductors, plugs, grounds, power, polarity, switches, light fixtures, or junction boxes? | ☐ | ☐ | ☐ |
| (5) **Other Systems or Items:** | | | |
| (a) security or fire detection systems? | ☐ | ☐ | ☐ |
| (b) porches or decks? | ☐ | ☐ | ☐ |
| (c) gas lines? | ☐ | ☐ | ☐ |
| (d) garage doors and door operators? | ☐ | ☐ | ☐ |
| (e) loading doors or docks? | ☐ | ☐ | ☐ |
| (f) rails or overhead cranes? | ☐ | ☐ | ☐ |
| (g) elevators or escalators? | ☐ | ☐ | ☐ |
| (h) parking areas, drives, steps, walkways? | ☐ | ☐ | ☐ |
| (i) appliances or built-in kitchen equipment? | ☐ | ☐ | ☐ |

If you are aware of material defects in any of the items listed under Paragraph A, explain. *(Attach additional information if needed.)* _____

_____

_____

_____

B. Are you (Seller or Landlord) aware of:

| | Aware | Not Aware |
|---|---|---|
| (1) any of the following water or drainage conditions materially and adversely affecting the Property: | | |
| (a) ground water? | ☐ | ☐ |
| (b) water penetration? | ☐ | ☐ |
| (c) previous flooding or water drainage? | ☐ | ☐ |
| (d) soil erosion or water ponding? | ☐ | ☐ |

Initialed by Seller or Landlord: _____ and Buyer or Tenant: _____   Page 3 of 4

Commercial Property Condition Statement concerning All of Lots One through Six (1-6) and all of Lot Eighteen (18), Block Two (2), Original Town of Roscoe, Nolan County, Texas

|  | Aware | Not Aware |
|---|---|---|
| (2) previous structural repair to the foundation systems on the Property? | ☐ | ☐ |
| (3) settling or soil movement materially and adversely affecting the Property? | ☐ | ☐ |
| (4) pest infestation from rodents, insects, or other organisms on the Property? | ☐ | ☐ |
| (5) termite or wood rot damage on the Property needing repair? | ☐ | ☐ |
| (6) mold to the extent that it materially and adversely affects the Property? | ☐ | ☐ |
| (7) mold remediation certificate issued for the Property in the previous 5 years? *If yes, attach a copy of the mold remediation certificate.* | ☐ | ☐ |
| (8) previous termite treatment on the Property? | ☐ | ☐ |
| (9) previous fires that materially affected the Property? | ☐ | ☐ |
| (10) modifications made to the Property without necessary permits or not in compliance with building codes in effect at the time? | ☐ | ☐ |
| (11) any part, system, or component in or on the Property not in compliance with the Americans with Disabilities Act or the Texas Architectural Barrier Statute? | ☐ | ☐ |

If you are aware of any conditions described under Paragraph B, explain. *(Attach additional information, if needed.)* _____

The undersigned acknowledges receipt of the foregoing statement.

Seller or Landlord: _____     Buyer or Tenant: _____

By: _____     By: _____

By (signature): _____     By (signature): _____
Printed Name: _____     Printed Name: _____
Title: _____ Date: _____     Title: _____ Date: _____

By: _____     By: _____

By (signature): _____     By (signature): _____
Printed Name: _____     Printed Name: _____
Title: _____ Date: _____     Title: _____ Date: _____

**NOTICE TO BUYER OR TENANT:** The broker representing Seller or Landlord and the broker representing you advise you that this statement was completed by Seller or Landlord, as of the date signed. The brokers have relied on this statement as true and correct and have no reason to believe it to be false or inaccurate. YOU ARE ENCOURAGED TO HAVE AN INSPECTOR OF YOUR CHOICE INSPECT THE PROPERTY.

Page 4 of 4

Commercial Property Condition Statement concerning  All of Lots One through Six (1-6) and all of Lot Eighteen (18), Block Two (2), Original Town of Roscoe, Nolan County, Texas

|  | Aware | Not Aware |
|---|---|---|
| (2) previous structural repair to the foundation systems on the Property? | ☐ | ☐ |
| (3) settling or soil movement materially and adversely affecting the Property? | ☐ | ☐ |
| (4) pest infestation from rodents, insects, or other organisms on the Property? | ☐ | ☐ |
| (5) termite or wood rot damage on the Property needing repair? | ☐ | ☐ |
| (6) mold to the extent that it materially and adversely affects the Property? | ☐ | ☐ |
| (7) mold remediation certificate issued for the Property in the previous 5 years? *If yes, attach a copy of the mold remediation certificate.* | ☐ | ☐ |
| (8) previous termite treatment on the Property? | ☐ | ☐ |
| (9) previous fires that materially affected the Property? | ☐ | ☐ |
| (10) modifications made to the Property without necessary permits or not in compliance with building codes in effect at the time? | ☐ | ☐ |
| (11) any part, system, or component in or on the Property not in compliance with the Americans with Disabilities Act or the Texas Architectural Barrier Statute? | ☐ | ☐ |

If you are aware of any conditions described under Paragraph B, explain. *(Attach additional information, if needed.)* _____

_____
_____
_____
_____

The undersigned acknowledges receipt of the foregoing statement.

Seller or Landlord: _____   Buyer or Tenant: _____

By: _____   By: _____

  By (signature): _____   By (signature): _____
  Printed Name: _____   Printed Name: _____
  Title: _____ Date: _____   Title: _____ Date: _____

By: _____   By: _____

  By (signature): _____   By (signature): _____
  Printed Name: _____   Printed Name: _____
  Title: _____ Date: _____   Title: _____ Date: _____

**NOTICE TO BUYER OR TENANT**: The broker representing Seller or Landlord, and the broker representing you advise you that this statement was completed by Seller or Landlord, as of the date signed. The brokers have relied on this statement as true and correct and have no reason to believe it to be false or inaccurate. YOU ARE ENCOURAGED TO HAVE AN INSPECTOR OF YOUR CHOICE INSPECT THE PROPERTY.